## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

DEBORAH IERACE,            )
                                )
          Plaintiff,        )
                                )
    v.                      )
                                )
LVNV FUNDING, LLC;       )    13-cv-652
RESURGENT CAPITAL        )
SERVICES, L.P., and          )
MESSERLI & KRAMER, P.A.,   )
                                )
          Defendants.    )

## COMPLAINT

## INTRODUCTION

1.    Plaintiff Deborah Ierace brings this action to secure redress for the violation by LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Messerli & Kramer, P.A. ("M&K"), of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. §421.101 et seq.

2.    The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.    The Wisconsin Consumer Act seeks "[t]o protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants" and debt collectors attempting to enforce consumer transactions. Wis. Stat. §421.102

## VENUE AND JURISDICTION

4.    This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 1337 and 1367.

1

5.      Venue and personal jurisdiction in this District are proper because defendants'
collection communications were received by Ms. Ierace within this District, and defendants do
or transact business within this District.

## PARTIES

6.      Ms. Ierace  is an individual who resides in Springbrook, Washburn County,
Wisconsin.

7.      Defendant LVNV is a Delaware limited liability company with offices at 625
Pilot Rd., Ste. 3, Las Vegas, NV 89119.  It does business in Wisconsin.

8.      Defendant LVNV is engaged in the business of purchasing or acquiring, or
claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred
for personal, family or household purposes.

9.      Defendant LVNV pays an average of less than 5 cents on the dollar for the debts
it purchases.

10.     Defendant LVNV then attempts to collect the purchased debts by filing or
threatening suits on them and having the putative debtors dunned.

11.     Defendant LVNV conducts business on a national scale.

12.     Defendant LVNV has been the plaintiff in more than 1,000 collection lawsuits
during the year prior to the filing of this action.

13.     Defendant LVNV regularly uses the mails and telephones in its business.

14.     Defendant LVNV is a "debt collector" as defined in the FDCPA.

15.     Defendant LVNV is a "debt collector" as defined in Wis. Stat. § 427.103(3).

16.     Defendant Resurgent  is a limited partnership entity with offices at 200 Meeting
Street, Suite 206, Charleston, SC 29401.  It does or transacts business in Wisconsin.  Its
registered agent and office is CSC-Lawyers Incorporating Service Co., 8040 Excelsior Dr., Suite

2

400, Madison, WI 53717.

       17.     Defendant Resurgent operates a collection agency, primarily collecting debts owned by LVNV and other affiliated companies.

       18.     Resurgent uses the mails and telephones to collect delinquent consumer debts originally owed to other entities.

       19.     Resurgent is a debt collector as defined in the FDCPA.

       20.     Resurgent is a "debt collector" as defined in Wis. Stat. § 427.103(3).

       21.     Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

       22.     All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

       23.     LVNV has stated on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

       24.     LVNV has also stated on its Web site that "All capital markets  and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services, L.P. Capital Services LP (Resurgent Capital Services, L.P.).

Resurgent Capital Services, L.P. is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent Capital Services, L.P., a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

25.     The above statements continue to describe the relationship between LVNV and Resurgent.

26.     Defendants Resurgent and LVNV are under common ownership and management.  Both are part of the Sherman Financial Group.

27.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

28.     Defendant M&K is a law firm organized as a Minnesota corporation with offices at 3033 Campus Dr  Plymouth, MN 55441.

29.     Defendant M&K's practice consists largely of collecting defaulted consumer debts owed to others, through dunning, lawsuits, and otherwise.

30.     Defendant M&K uses the mail and telephone system to conduct business.

31.     Defendant M&K is a "debt collector" as defined in the FDCPA.

32.     Defendant M&K is a "debt collector" as defined in Wis. Stat. § 427.103(3).

## FACTS

33.     Defendants have been attempting to collect from Ms. Ierace an alleged debt on a consumer-purpose credit card account, used for personal, family or household purposes.

4

34.     Ms. Ierace disputes owing defendants any debt.

35.     On or about Feb. 25, 2012, a collection agency employed by LVNV and Resurgent sent Ms. Ierace a collection letter (Exhibit A) at her correct address.

36.     On September 25, 2012, LVNV, represented by M&K, filed suit against Ms. Ierace to collect the alleged debt in the Circuit Court for Sawyer County, Wisconsin.  A copy of the complaint is attached as Exhibit B.

37.     Ms. Ierace did not live in Sawyer County, Wisconsin.

38.     The lawsuit was not based on any contract signed by Ms. Ierace in Sawyer County, Wisconsin.

39.     The lawsuit was not based on any transaction occurring in Sawyer County, Wisconsin.

40.     Defendants had the complaint served upon Ms. Ierace's ex-husband, who did live in Sawyer County.

41.     Ms. Ierace has not lived at the Sawyer County address in question since October 2002, and no longer keeps in touch with her ex-husband.  Ms. Ierace has lived in Springbrook since 2003.

42.     On or about December 14, 2012, a default judgment was entered against Ms. Ierace.

43.     On December 17, 2012, and again on December 28, 2012, mail addressed to Ms. Ierace at the purported service address was returned to the Clerk of Court by the Postal Service, with a notation that she did not live there.  (Exhibits C-D)

44.     On information and belief, defendants took no action to investigate whether they were using an incorrect address.

45.     Based on the collection letter sent on behalf of LVNV and Resurgent to Ms.

Ierace's correct address, any reasonable inquiry would have disclosed that defendants were using an incorrect address.

46.     Ms. Ierace eventually learned of the default judgment and, on March 1, 2013, filed a motion to vacate it (Exhibit E).

47.     The judgment was vacated, and the case dismissed, on May 6, 2013 (Exhibit F).

48.     Ms. Ierace suffered actual damages from the improper filing, including (a) lost time, (b) stress, resulting in a panic attack, and (c) embarrassment from having her ex-husband notified of her financial problems.

## COUNT I – FDCPA

49.     Plaintiff incorporates paragraphs 1-48.

50.     Defendants violated 15 U.S.C. §1692i by filing suit in the wrong venue.

51.     Section 1692i provides:

**§ 1692i.  Legal actions by debt collectors**

**(a) Venue.  Any debt collector who brings any legal action on a debt against any consumer shall--**

>    **(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or**

>    **(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity--**

>>    **(A) in which such consumer signed the contract sued upon; or**

>>    **(B) in which such consumer resides at the commencement of the action.**

**(b) Authorization of actions.  Nothing in this title  shall be construed to authorize the bringing of legal actions by debt collectors.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1)    Statutory damages;

(2)    Actual damages;

(3)    Attorney's fees, litigation expenses and costs of suit; and

(4)    Such other and further relief as the Court deems proper.

## COUNT II – WISCONSIN CONSUMER ACT

52.    Plaintiff incorporates paragraphs 1-48.

53.    The Wisconsin Consumer Act, Wis. Stat. § 421.401, provides:

**421.401. Venue.**

   **(1) The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county:**

      **(a) Where the customer resides or is personally served;**

      **(b) Where collateral securing a consumer credit transaction is located; or**

      **(c) Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document evidencing his or her obligation under the terms of the transaction. . . .**

54.    Wis. Stat. 427.104, "Prohibited practices," provides:

**(1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not: . . .**

      **(e) Disclose or threaten to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information, but this paragraph does not prohibit the disclosure to another person of information permitted to be disclosed to that person by statute; . . .**

      **(j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist; . . .**

55.    Defendants violated Wis. Stat. § 427.104 by suing Ms. Ierace in the wrong county and serving process on a person who had been married to Ms. Ierace ten years previously.

7

56.     Wis. Stat. § 427.105 provides:

(1) A person injured by violation of this chapter may recover actual damages and the penalty provided in s. 425.304; but notwithstanding any other law actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter. . . .

57.     Wis. Stat. § 425.304 provides:

A person who commits a violation to which this section applies is liable to the customer in an amount equal to the greater of:

> (1) Twice the amount of the finance charge in connection with the transaction, except that the liability under this subsection shall not be less than $100 nor greater than $1,000; or

> (2) The actual damages, including any incidental and consequential damages, sustained by the customer by reason of the violation.

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1)     Statutory damages;

(2)     Actual damages;

(3)     Attorney's fees pursuant to Wis. Stat. §425.308, litigation expenses and costs of suit; and

(4)     Such other and further relief as the Court deems proper.


s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

8

**JURY DEMAND**

Plaintiff demands trial by jury.

s/ Daniel A. Edelman
Daniel A. Edelman

9

## VERIFICATION

The undersigned declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the facts stated in the foregoing complaint are true to the best of her knowledge and belief.

Deborah Ierace

10

## NOTICE OF ASSIGNMENT

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
   & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

11