UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH IERACE,

    Plaintiff,

v.

LVNV FUNDING, LLC; RESURGENT CAPITAL SERVICES, L.P.; AND MESSERLI & KRAMER, P.A.,

    Defendants.

Case No.: 3:13-cv-00652-WMC

---

**ANSWER, AFFIRMATIVE DEFENSES & JURY DEMAND TO THE COMPLAINT ON BEHALF OF LVNV FUNDING, LLC & RESURGENT CAPITAL SERVICES, LP**

*NOW COMES* Defendants LVNV FUNDING, LLC ("LVNV") and RESURGENT CAPITAL SERVICES, L.P. ("RESURGENT"), by their undersigned counsel, and for their Answer and Affirmative Defenses to Plaintiff's Complaint state and allege as follows:

**INTRODUCTION**

    l.    Plaintiff Deborah Ierace brings this action to secure redress for the violation by LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Messerli & Kramer, P.A. ("M&K"), of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. §421.101 et seq.

    **ANSWER:**    Answering paragraph 1 of the Complaint, admit only that Plaintiff's Complaint purports to make claims under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Wisconsin Consumer Act, Wis. Stat. §421.101 *et seq.* ("WCA"). Answering further, deny that they violated the law in any way. Answering further,

lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:** Answering paragraph 2 of the Complaint, affirmatively allege that the FDCPA speaks for itself and deny any allegations that are inconsistent with a plain meaning reading of the FDCPA. Answering further, lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2.

3. The Wisconsin Consumer Act seeks "[t]o protect customers against unfair, deceptive, false, misleading and unconscionable practices by merchants" and debt collectors attempting to enforce consumer transactions. Wis. Stat. §421.102

**ANSWER:** Answering paragraph 3 of the Complaint, affirmatively allege that the WCA speaks for itself and deny any allegations that are inconsistent with a plain meaning reading of the WCA. Answering further, lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

## VENUE AND JURISDICTION

4. This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 1337 and 1367.

**ANSWER:** Answering paragraph 4 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

5. Venue and personal jurisdiction in this District are proper because defendants' collection communications were received by Ms. Ierace within this District, and defendants do or transact business within this District.

**ANSWER:** Answering paragraph 5 of the Complaint, deny that LVNV and RESURGENT do or transact business within this District. Answering further, lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5.

## PARTIES

6. Ms. Ierace is an individual who resides in Springbrook, Washburn County, Wisconsin.

**ANSWER:** Answering paragraph 6 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

7. Defendant LVNV is a Delaware limited liability company with offices at 625 Pilot Rd., Ste. 3, Las Vegas, NV 89119. It does business in Wisconsin.

**ANSWER:** Answering paragraph 7 of the Complaint, admit only that LVNV is a limited liability company, which was formed under the laws of the State of Delaware. Answering further, admit only that LVNV has an office presence at 625 Pilot Road, Las Vegas, Nevada 89119. Answering further, deny the remaining allegations contained in paragraph 7.

8. Defendant LVNV is engaged in the business of purchasing or acquiring, or claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

**ANSWER:** Answering paragraph 8 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

9. Defendant LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

**ANSWER:** Answering paragraph 9 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

10. Defendant LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

**ANSWER:** Answering paragraph 10 of the Complaint, deny the allegations contained therein.

11. Defendant LVNV conducts business on a national scale.

**ANSWER:** Answering paragraph 11 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

12. Defendant LVNV has been the plaintiff in more than 1,000 collection lawsuits during the year prior to the filing of this action.

**ANSWER:** Answering paragraph 12 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

13. Defendant LVNV regularly uses the mails and telephones in its business.

**ANSWER:** Answering paragraph 13 of the Complaint, LVNV denies the allegations of this paragraph. Answering further, RESURGENT lacks knowledge and/or information sufficient to form a belief regarding the truth of the allegations in paragraph 13.

14. Defendant LVN-v is a "debt collector" as defined in the FDCPA.

**ANSWER:** Answering paragraph 14 of the Complaint, deny the allegations contained therein.

15. Defendant LVNV is a "debt collector" as defined in Wis. Stat. § 427.103(3).

**ANSWER:** Answering paragraph 15 of the Complaint, deny the allegations contained therein.

16. Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401. It does or transacts business in Wisconsin. Its registered agent and office is CSC-Lawyers Incorporating Service Co., 8040 Excelsior Dr., Suite 400, Madison, WI 53717.

**ANSWER:** Answering paragraph 16 of the Complaint, RESURGENT admits only that it is a limited partnership and that it has an office at 15 S. Main Street, Suite 700, Greenville, SC 29601. Answering further, these answering defendants lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. Defendant Resurgent operates a collection agency, primarily collecting debts owned by LVNV and other affiliated companies.

**ANSWER:** Answering paragraph 17 of the Complaint, RESURGENT admits that in certain cases it operates a collection agency colleting on unpaid, outstanding account balances owed to LVNV. Answering further, these answering defendants lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17.

18. Resurgent uses the mails and telephones to collect delinquent consumer debts originally owed to other entities.

**ANSWER:** Answering paragraph 18 of the Complaint, RESURGENT admits that from time to time it uses the mail and telephone. Answering further, these answering defendants lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19. Resurgent is a debt collector as defined in the FDCPA.

**ANSWER:** Answering paragraph 19 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the allegations contained therein.

20. Resurgent is a "debt collector" as defined in Wis. Stat. § 427.I 03(3).

**ANSWER:** Answering paragraph 20 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the allegations contained therein.

21. Notwithstanding the substantial volume of collection activity in which it engages, LVNV claims that it has no employees. (Statement of Material Facts filed as document no.69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

**ANSWER:** Answering paragraph 21 of the Complaint, deny LVNV engages in collection activity. Answering further, admit the remaining allegations in paragraph 21.

22. All actions taken in the name of LVNV are in fact taken by Resurgent, pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no.69 in Randall v.Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

**ANSWER:** Answering paragraph 22 of the Complaint, admit LVNV has a written agreement and power of attorney with RESURGENT. Answering further, admit that in certain instances, RESURGENT may act on behalf of LVNV. Answering further, lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23. LVNV has stated on its Web site, www.lvnvfunding.com. that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any

debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

**ANSWER:** Answering paragraph 23 of the Complaint, deny that Plaintiff accurately quoted a portion of the cited web site: www.lvnvfunding.com. Answering further, lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24. LVNV has also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services, L.P. Capital Services LP (Resurgent Capital Services, L.P.).

Resurgent Capital Services, L.P. is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent Capital Services, L.P., a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account"

**ANSWER:** Answering paragraph 24 of the Complaint, deny that Plaintiff accurately quoted a portion of the cited web site: www.lvnvfunding.com. Answering further, lack knowledge and/or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24.

25. The above statements continue to describe the relationship between LVNV and Resurgent.

**ANSWER:** Answering paragraph 25 of the Complaint, admit only that Plaintiff attempts to describe the relationship between LVNV and RESURGENT. Answering further, deny the remaining allegations in paragraph 25.

26. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

**ANSWER:** Answering paragraph 26 of the Complaint, admit only that these answering defendants are affiliated with Sherman Financial Group. Answering further, deny the remaining allegations in paragraph 26.

27. On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

**ANSWER:** Answering paragraph 27 of the Complaint, deny the allegations contained therein.

28. Defendant M&K is a law firm organized as a Minnesota corporation with offices at 3033 Campus Dr Plymouth, MN 55441.

**ANSWER:** Answering paragraph 28 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

29. Defendant M&K's practice consists largely of collecting defaulted consumer debts owed to others, through dunning, lawsuits, and otherwise.

**ANSWER:** Answering paragraph 29 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

30. Defendant M&K uses the mail and telephone system to conduct business.

**ANSWER:** Answering paragraph 30 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

31. Defendant M&K is a "debt collector" as defined in the FDCPA.

**ANSWER:** Answering paragraph 31 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

32. Defendant M&K is a "debt collector" as defined in Wis.Stat. § 427.103(3).

**ANSWER:** Answering paragraph 32 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

## FACTS

33. Defendants have been attempting to collect from Ms. Ierace an alleged debt on a consumer-purpose credit card account, used for personal, family or household purposes.

**ANSWER:** Answering paragraph 33 of the Complaint, deny the allegations contained therein.

34. Ms. Ierace disputes owing defendants any debt.

**ANSWER:** Answering paragraph 34 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

35. On or about Feb. 25, 2012, a collection agency employed by LVNV and Resurgent sent Ms. Ierace a collection letter (Exhibit A) at her correct address.

**ANSWER:** Answering paragraph 35 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

36. On September 25, 2012, LVNV, represented by M&K, filed suit against Ms. Ierace to collect the alleged debt in the Circuit Court for Sawyer County, Wisconsin. A copy of the complaint is attached as Exhibit B.

**ANSWER:** Answering paragraph 36 of the Complaint, deny the existence of a "debt." Answering further, affirmatively allege that Exhibit B speaks for itself and deny all allegations that are inconsistent with a plain meaning reading of that exhibit.

37. Ms. Ierace did not live in Sawyer County, Wisconsin.

**ANSWER:** Answering paragraph 37 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

38. The lawsuit was not based on any contract signed by Ms. Ierace in Sawyer County, Wisconsin.

**ANSWER:** Answering paragraph 38 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

39. The lawsuit was not based on any transaction occurring in Sawyer County, Wisconsin.

**ANSWER:** Answering paragraph 39 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

40. Defendants had the complaint served upon Ms. Ierace's ex-husband, who did live in Sawyer County.

**ANSWER:** Answering paragraph 40 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

41. Ms. Ierace has not lived at the Sawyer County address in question since October 2002, and no longer keeps in touch with her ex-husband. Ms. Ierace has lived in Springbrook since 2003.

**ANSWER:** Answering paragraph 41 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

42. On or about December 14, 2012, a default judgment was entered against Ms. Ierace.

**ANSWER:** Answering paragraph 42 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

43. On December 17, 2012, and again on December 28, 2012, mail addressed to Ms. Ierace at the purported service address was returned to the Clerk of Court by the Postal Service, with a notation that she did not live there. (Exhibits C-D)

**ANSWER:** Answering paragraph 43 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

44. On information and belief, defendants took no action to investigate whether they were using an incorrect address.

**ANSWER:** Answering paragraph 44 of the Complaint, deny the allegations contained therein.

45. Based on the collection letter sent on behalf of LVNV and Resurgent to Ms. Ierace's correct address, any reasonable inquiry would have disclosed that defendants were using an incorrect address.

**ANSWER:** Answering paragraph 45 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

46. Ms. Ierace eventually learned of the default judgment and, on March 1, 2013, filed a motion to vacate it (Exhibit E).

**ANSWER:** Answering paragraph 46 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

47. The judgment was vacated, and the case dismissed, on May 6, 2013 (Exhibit F).

**ANSWER:** Answering paragraph 47 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

48. Ms. Ierace suffered actual damages from the improper filing, including (a) lost time, (b) stress, resulting in a panic attack, and (c) embarrassment from having her ex-husband notified of her financial problems.

**ANSWER:** Answering paragraph 48 of the Complaint, lack knowledge and/or information sufficient to form a belief as to the truth of the allegations contained therein.

## COUNT I -FDCPA

49. Plaintiff incorporates paragraphs 1-48.

**ANSWER:** Answering paragraph 49 of the Complaint, repeat, reallege and incorporate herein by reference its responses to the preceding paragraphs of the Complaint.

50. Defendants violated 15 U.S.C. §1692i by filing suit in the wrong venue.

**ANSWER:** Answering paragraph 50 of the Complaint, deny the allegations contained therein.

51. Section 1692i provides:

**§ 16921. Legal actions by debt collectors**

**(a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall-**

> **(1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity ln which such real property is located; or**
>
> **(2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity-**
>
>> **(A) in which such consumer signed the contract sued upon; or**

>	(B) in which such consumer resides at the commencement of the action.
>
> **(b) Authorization of actions. Nothing in this title shall be construed to authorize the bringing of legal actions by debt collectors.**

**ANSWER:** Answering paragraph 51 of the Complaint, admit only that Plaintiff has attempted to recite a portion of the FDCPA and deny all allegations that are inconsistent with a plain meaning reading of the FDCPA. Answering further, deny that they violated the law.

## COUNT II -WISCONSIN CONSUMER ACT

52.	Plaintiff incorporates paragraphs 1-48.

**ANSWER:** Answering paragraph 52 of the Complaint, repeat, reallege and incorporate herein by reference their responses to the preceding paragraphs of the Complaint.

53.	The Wisconsin Consumer Act, Wis. Stat. § 421.401, provides:

> **421.401. Venue.**
>
> **(1) The venue for a claim arising out of a consumer transaction or a consumer credit transaction is the county:**
>
>	**(a) Where the customer resides or is personally served;**
>
>	**(b) Where collateral securing a consumer credit transaction is located; or**
>
>	**(c) Where the customer sought or acquired the property, services, money or credit which is the subject of the transaction or signed the document evidencing his or her obligation under the terms of the transaction….**

**ANSWER:** Answering paragraph 53 of the Complaint, admit only that Plaintiff has attempted to recite a portion of the WCA and deny all allegations that are inconsistent with a plain meaning reading of the WCA. Answering further, deny that they violated the law.

54.	Wis. Stat. 427.104, "Prohibited practices," provides:

> **(1) In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction, including a transaction primarily**

> for an agricultural purpose, where there is an agreement to defer payment, a debt collector may not:…
>
> **(e) Disclose or threaten to disclose to a person other than the customer or the customer's spouse information affecting the customer's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information, but this paragraph does not prohibit the disclosure to another person of information permitted to be disclosed to that person by statute;…**
>
> **(j) Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist;…**

**ANSWER:** Answering paragraph 54 of the Complaint, admit only that Plaintiff has attempted to recite a portion of the WCA and deny all allegations that are inconsistent with a plain meaning reading of the WCA. Answering further, deny that they violated the law.

55. Defendants violated Wis.Stat.§ 427.104 by suing Ms. Ierace in the wrong county and serving process on a person who had been married to Ms. Ierace ten years previously.

**ANSWER:** Answering paragraph 55 of the Complaint, deny the allegations contained therein.

56. Wis. Stat.§ 427.105 provides:

> **(1) A person injured by violation of this chapter may recover actual damages and the penalty provided in *s*.425.304; but notwithstanding any other law actual damages shall include damages caused by emotional distress or mental anguish with or without accompanying physical injury proximately caused by a violation of this chapter...**

**ANSWER:** Answering paragraph 56 of the Complaint, admit only that Plaintiff has attempted to recite a portion of the WCA and deny all allegations that are inconsistent with a plain meaning reading of the WCA. Answering further, deny that they violated the law.

57. Wis. Stat. § 425.304 provides:

> **A person who commits a violation to which this section applies is liable to the customer in an amount equal to the greater of:**

> **(1) Twice the amount of the finance charge in connection with the transaction, except that the liability under this subsection shall not be less than $100 nor greater than $1,000; or**
>
> **(2) The actual damages, including any incidental and consequential damages, sustained by the customer by reason of the violation.**

**ANSWER:** Answering paragraph 57 of the Complaint, admit only that Plaintiff has attempted to recite a portion of the WCA and deny all allegations that are inconsistent with a plain meaning reading of the WCA. Answering further, deny that they violated the law. Answering Plaintiff's Prayer for Relief, deny that Plaintiff is entitled to judgment against them and deny that Plaintiff is entitled to any damages or other relief Plaintiff is seeking.

## AFFIRMATIVE DEFENSES

1. RESURGENT affirmatively states that any violation of the FDCPA and/or the WCA, which it denies occurred, was not intentional and would have resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error. RESURGENT maintains procedures and protocols which require a law firm, like Messerli & Kramer, P.A., to comply and conform to the requirements of the law. These procedures and protocols are reasonably adapted to avoid a violation of the law, such as the one alleged in this case. Additionally, If RESURGENT is found to be vicariously responsible for the alleged conduct of any other party, RESURGENT is entitled to rely upon the bona fide error defense of that other party as its own affirmative defense. If LVNV is found to be vicariously responsible for the alleged conduct of any other party, LVNV is entitled to rely upon the bona fide error defense of that other party as its own affirmative defense.

2. Some or all of Plaintiff's claims may be barred by the doctrines of estoppel and/or preclusion.

3. Plaintiff failed to mitigate her damages. There are neither allegations in the Complaint nor a record of any efforts that Plaintiff made to limit and/or prevent her alleged damages. This will be further investigated through discovery.

4. The damages alleged by Plaintiff may have been the result of other, superseding and/or intervening cause(s) and were not proximately caused by these answering defendants.

**WHEREFORE**, Defendants LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P. having fully responded to the Complaint, pray the Court dismiss Plaintiff's action with prejudice against them, order that Plaintiff take nothing thereby, and award LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P. their attorney's fees and costs incurred herein, as well as any additional equitable relief the Court deems proper.

## JURY DEMAND

Defendants demand a jury trial pursuant to Fed. R. Civ. P. 38.


/s/ *Carlos A. Ortiz*_____

**David M. Schultz**
**Carlos A. Ortiz**
Attorneys for Defendants
LVNV FUNDING, LLC and
RESURGENT CAPITAL SERVICES, L.P.

**HINSHAW & CULBERTSON LLP**
222 N. LaSalle Street, Suite 300
Chicago, IL 60601
Telephone  312-704-3000
Fax  312-704-3001
E-mail  dschultz@hinshawlaw.com
          cortiz@hinshawlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2013, a copy of the foregoing was filed electronically. Notice of this filing was sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

HINSHAW & CULBERTSON LLP

*/s/ Carlos A. Ortiz*
Carlos A. Ortiz